NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SPACEAGE CONSULTING CORP., | |
| Plaintiff, | **Civil Action No. 15-3413 (SRC)** |
| v. | **OPINION** |
| LOGIC CORP., | |
| Defendant. | |

**CHESLER**, District Judge

    This matter comes before the Court upon the motion to enforce settlement filed by Plaintiff SpaceAge Consulting ("Plaintiff" or "SpageAge") on June 29, 2017. [ECF 43]. The motion also seeks to join Meryl Bernstein as an additional defendant. As the settlement agreement at issue was entered into by the parties following a settlement conference before Magistrate Judge Cathy Waldor on December 4, 2015, this Court referred the matter to Judge Waldor for a report on proposed findings and a recommendation as to the disposition of the motion, pursuant to Fed. R. Civ. P. 72(b), L. Civ. R. 72.1(a)(2), and 28 U.S.C. § 636(b)(1)(C). On May 15, 2018, Judge Waldor issued a Report and Recommendation ("R&R"). [ECF 48]. No objections to the R&R have been filed to date, and the time for filing objections has now expired. 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by

rules of court."). The Court has reviewed the R&R, and, for the reasons that follow, concludes that the dispositions recommended by Judge Waldor are warranted.

Briefly, by way of background, this is a contract dispute brought by Plaintiff SpageAge to recover unpaid amounts from Defendant Logic Corporation ("Defendant" or "Logic") for computer programming services rendered pursuant to the parties' contract. On December 15, 2015, this Court entered an Order of Dismissal, dismissing the action without prejudice, based on notice to the Court that the parties had settled the dispute. The Order of Dismissal expressly incorporates the terms of the settlement agreement by reference and states that "the Court shall retain jurisdiction over the settlement agreement to enforce its terms." [ECF 27]. The settlement agreement was signed by Surender Malhan, on behalf of SpaceAge, on February 10, 2016 and by Meryl Bernstein, on behalf of Logic, on February 24, 2016. Thereafter, with Judge Waldor's assistance, the parties negotiated a revised agreement for a modified payment scheme. The motion presently before the Court seeks to enforce the original settlement agreement.

A magistrate judge's recommended disposition of a dispositive matter is subject to de novo review, whereas recommendations as to non-dispositive matters, which are within the power of the magistrate judge to determine under 28 U.S.C. § 636(b)(1)(A), are subject to lesser scrutiny under a clearly erroneous standard. Fed.R.Civ.P. 72; see also In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 661 (D.N.J. 2004) (distinguishing applicable standards of review depending on whether the magistrate judge handled non-dispositive matter under section 636(b)(1)(A) or dispositive matter under section 636(b)(1)(B)). The R&R before the Court concerns a motion which seeks both dispositive relief— enforcement of a settlement agreement—and non-dispositive relief—joinder of an additional defendant pursuant to Federal Rule of Civil Procedure 19. Saber v. FinanceAmerica Credit Corp., 843 F.2d 697, 702-03 (3d

2

Cir. 1988) (holding that order to enforce settlement, which concerns remedy of specific performance, is dispositive of parties' substantive rights).

This Court has reviewed the R&R under the appropriate standards. It agrees with Magistrate Judge Waldor's analysis. As Judge Waldor noted, the Third Circuit has held that "a district court will have ancillary jurisdiction over a settlement agreement, permitting the court to enforce the agreement, when 'the terms of the settlement agreement ha[ve] been made part of the order of dismissal — either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" Raab v. City of Ocean City, 833 F.3d 286, 294 (3d Cir. 2016) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 380-81). Based on the Raab decision, Judge Waldor reasoned that because the Order of Dismissal controls the Court's authority over this action and "explicitly retains jurisdiction and incorporates the terms of the settlement agreement" [ECF 48], this Court has jurisdiction over the settlement agreement. This Court adopts Magistrate Judge Waldor's findings and concludes that it indeed has jurisdiction to enforce the settlement agreement. It will grant Plaintiff's motion insofar as it seeks enforcement of the settlement agreement. As to Plaintiff's request to add Ms. Bernstein as a Defendant, the Court adopts Judge Waldor's findings and will deny the request.

Accordingly, this Court will adopt the R&R issued on May 15, 2018 [docket entry 48] as the opinion of the Court. An appropriate form of Order will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: May 31, 2018